UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MAURICE GALLION, as Administrator                                             PLAINTIFF
of the Estate of TRACEY GALLION, SR.,
and on behalf of and as natural uncle of
TRACEY GALLION, JR., a minor, and on
behalf of all heirs and wrongful-death
beneficiaries of TRACEY GALLION,
SR., deceased

v.                                                      CIVIL ACTION NO.  3:12cv736-DPJ-FKB

HINDS COUNTY, MISSISSIPPI, et al.                                         DEFENDANTS

consolidated with

MAURICE GALLION, as Administrator                                             PLAINTIFF
of the Estate of TRACEY GALLION, SR.,
and on behalf of and as natural uncle of
TRACEY GALLION, JR., a minor, and on
behalf of all heirs and wrongful-death
beneficiaries of TRACEY GALLION,
SR., deceased

v.                                                      CIVIL ACTION NO.  3:14cv139-DPJ-FKB

HINDS COUNTY, MISSISSIPPI                                                 DEFENDANT

ORDER

This wrongful-death action is before the Court on Defendant's Motion to Dismiss State Law Claims and Claim for Punitive Damages [46].  The state-law claims are brought pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 *et seq.* ("MTCA").  The Court, having considered the issues and the parties' submissions in light of the applicable standards, finds that Defendant's Motion should be granted.

I.      Facts and Procedural History

This case arises from the April 2012 detention of Plaintiff's decedent, Tracey Gallion, Sr. Gallion suffered from medical problems at Hinds County Detention Center and, after receiving some medical attention there, was transferred to Central Mississippi Medical Center. He became unresponsive in the emergency room and died April 23, 2012.

On November 1, 2012, Plaintiff brought federal claims under 42 U.S.C. § 1983 against the Hinds County Sheriff and several other county employees. On October 11, 2013, Plaintiff filed this separate suit adding state-law claims against Hinds County. The two cases were consolidated on June 11, 2014. Defendant Hinds County has now moved the Court to dismiss the state-law and punitive-damages claims against it [46]. The Court has personal and subject-matter jurisdiction and is prepared to rule.[1]

II.     Standard of Review

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the

---

[1]Hinds County removed the case on the basis of federal-question jurisdiction. While the Complaint is not clearly articulated, Defendant inferred that it stated a claim under federal law. Indeed, the references to Gallion's clearly established rights as a pretrial detainee and Defendant's deliberate indifference are part-and-parcel of a § 1983 claim for violation of the United States Constitution. And while Plaintiff initially filed a Motion to Remand [8], he later withdrew it, which suggests that he agreed with Defendant's interpretation of the Complaint.

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.   Analysis

   A.   State-Law Claims

Plaintiff pursues the state-law claims under the MTCA. Pl.'s Compl. ¶ 2. But section 11-49-9(1) of the MTCA lists 25 specific scenarios where immunity protects governmental entities and their employees from tort claims. The Mississippi Supreme Court has routinely held that if any one of those subsections applies, immunity exists. *See, e.g.*, *Little v. Miss. Dep't of Transp.*, 129 So. 3d 132, 139 (Miss. 2013) (explaining that section 11-46-9(1) is written in the disjunctive, and that an alternative application would be "contrary to this Court's consistent application of the MTCA for the last twenty years").

In this case, Defendant seeks immunity from Plaintiff's tort claims under section 11-46-9(1)(m), which states that:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> . . . .
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed . . . .

Miss. Code Ann. § 11-46-9(1)(m); *see* Def.'s Mem. Supp. Mot. Dismiss [47] at 3.

Plaintiff argues that this exception is inapposite because: (1) the deceased was not an "inmate," but a "pretrial detainee," when the injuries occurred; (2) Defendant's employees acted with "reckless disregard"; and (3) section 11-46-9(1)(m) is unconstitutional. Pl.'s Resp. [53] at 4.

       1.    "Inmate" Status

Plaintiff first argues that section 11-46-9(1)(m) should not apply to pretrial detainees. The Mississippi Supreme Court expressly rejected that argument in *Liggans v. Coahoma County Sheriff's Department*, 823 So. 2d 1152, 1155 (Miss. 2002) and *Love v. Sunflower County Sheriff's Department*, 860 So. 2d 797, 801 (Miss. 2003). *See also Jones v. City of Jackson*, 203 F.3d 875, 881 (5th Cir. 2000). Plaintiff fails to acknowledge this binding precedent.

       2.    Reckless Disregard

Plaintiff also argues that Defendant's employees "acted with reckless disregard of the safety and well being [sic] of [the deceased]," and therefore section 11-46-9(1)(c) precludes immunity. Pl.'s Resp. [53] at 3. Again, the Mississippi Supreme Court has twice rejected this very argument, holding that section 11-46-9(1)(c) does not trump section 11-46-9(1)(m), because

the exceptions are listed in the disjunctive.  *Liggans*, 823 So. 2d at 1156; *Love*, 860 So. 2d at 801–02.

        3.      Constitutionality

Plaintiff finally suggests that section 11-46-9(1)(m) is unconstitutional.  A party challenging the constitutionality of a Mississippi statute must "prove unconstitutionality beyond a reasonable doubt."  *State v. Bd. of Levee Comm'rs for the Yazoo-Miss. Delta*, 932 So. 2d 12, 19 (Miss. 2006) (quoting *Cities of Oxford, Carthage, Louisville, Starkville and Tupelo v. Ne. Electric Power Ass'n*, 704 So. 2d 59, 65 (Miss. 1997) (internal quotation marks omitted)).  And a statute is presumed constitutional unless it "directly conflict[s] with the clear language of the constitution."  *Id*. at 20 (quoting *PHE, Inc. v. State*, 877 So. 2d 1244, 1247 (Miss. 2004)) (internal quotation marks omitted).

Plaintiff has not indicated which language of which constitution is in "direct conflict" with section 11-46-9(1)(m).  Pl.'s Resp. [53] at 2.  Rather, Plaintiff relies on *Lang v. Bay St. Louis/Waveland School District*, 764 So. 2d 1234, 1240 (Miss. 1999) and Justice McRae's dissent in *Love*, in which he questioned the constitutionality of the MTCA.  *Love*, 860 So. 2d at 802 (McRae, J., dissenting).

Simply put, *Lang* has nothing to do with the constitutionality of section 11-46-9(1)(m), McRae's observations in dissent were just that, and the Mississippi Supreme Court has expressly upheld the constitutionality of section 11-46-9(1)(m).  *Wallace v. Town of Raleigh, Miss.*, 815

So. 2d 1203, 1207 (Miss. 2002); *see also Phillips v. Monroe Cnty., Miss.*, 311 F.3d 369, 376 n.2 (5th Cir. 2002) (holding that plaintiff waived argument but noting that it appears to lack merit).[2]

  B. Punitive Damages

Plaintiff offers no substantive rebuttal to Defendant's arguments for dismissal of the punitive-damages claims. Hinds County is immune from such claims under section 11-46-15(2). Therefore, no claims for punitive damages have been properly pleaded.

IV. Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. Defendant's Motion [46] is granted, and all state-law and punitive-damages claims are dismissed. Plaintiff shall notify the Court within 10 days of the entry of this Order whether the remaining federal claims in the member case can be dismissed as duplicative of the claims in the lead case.

**SO ORDERED AND ADJUDGED** this the 22nd day of September, 2014.

             s/ *Daniel P. Jordan III*
             UNITED STATES DISTRICT JUDGE

---

[2]Counsel's reliance on McRae's dissent in *Love* shows he was aware of this case, yet he failed to mention the majority opinion when making his arguments regarding pretrial detainees and reckless disregard. Counsel is cautioned to comply with Rule 3.3(a)(3) of the Mississippi Rules of Professional Conduct.